·PETER J. DONAHER *vs.* CITY OF BOSTON.

Suffolk. Nov. 18, 1878. — Feb. 26, 1879. COLT & MORTON, JJ., absent

If a sub-contractor agrees to furnish all the hammered granite for a building for an entire sum, and has no lien for the stone, on account of his failure to give the owner the notice required by the Gen. Sts. c. 150, § 2, he has no lien under the St. of 1872, c. 318, § 1, for the labor performed in hammering the stone.

PETITION to enforce a mechanic's lien for labor performed in the erection of a building on land of the respondent. At the trial in the Superior Court, before *Rockwell*, J., the jury returned a verdict for the petitioner; and the respondent alleged exceptions, the material parts of which appear in the opinion.

*R. D. Smith*, for the respondent.

*G. W. Morse & J. C. Lane*, for the petitioner.

SOULE, J. The petitioner made a contract with one Pierce to deliver to him all the hammered granite required for a school-house on Francis Street, in process of erection on land of the city of Boston, for an entire price. Pierce was employed by the city under a written contract to erect the building. The petitioner gave no notice that he should claim a lien for materials furnished. The granite was wrought at Quincy, and so much of it as was delivered under the petitioner's contract with Pierce was delivered at the school-house. Till thus delivered, it was the property of the petitioner; and, after delivery, it was the property of Pierce, which he might use in erecting the school-house or for any other purpose, so far, at least, as the city of Boston was concerned. Under these circumstances, we are of

opinion that the petitioner has no lien for labor performed in preparing the granite, as labor performed or furnished in erecting the school-house. He merely furnished material wrought to a stipulated condition for a stipulated price. The St. of 1872, c. 318, § 1, which provides that, under certain specified conditions, a lien may be maintained for labor performed under an entire contract for labor and materials, was not intended to reach cases in which finished articles of merchandise have been sold at a fixed price to a contractor. The labor performed by the petitioner at the premises was merely in completion of his contract to furnish granite wrought to a certain condition. The learned judge of the Superior Court erred, therefore, in refusing to rule on this point, as requested by the respondent, that the petitioner had furnished no labor upon the building for which he was entitled to a lien. *Exceptions sustained.*