WILLIAM A. WILSON *vs.* GEORGE L. SLEEPER & another.

Middlesex.  January 17. — April 6, 1881.  COLT & FIELD, JJ., absent.

A general employment of a carpenter by a contractor, to work in getting out finish for the buildings of two different persons in process of erection, at day's wages to be afterwards fixed, is a sufficiently definite contract for the foundation of a mechanic's lien, under the Gen. Sts. *c.* 150, by the carpenter for the labor performed on the finish for one of the buildings.

A mechanic's lien may be maintained, under the Gen. Sts. *c.* 150, for labor performed away from the premises on which the lien is claimed, in preparing material which is intended for use, and actually used, in the construction of a building upon the premises.

PETITION to enforce a mechanic's lien. Trial in the Superior Court, before *Bacon*, J., who reported the case for the determination of this court in substance as follows :

The petitioner offered evidence tending to show that, previous to September 10, 1878, Walter D. Haynes contracted with the respondents to build for them two houses on the land described in the petition; that the petitioner performed the amount of labor alleged in his petition, and at the times set forth therein, in getting out finish for the two houses which was actually used in their erection; and that the petitioner performed all of said labor in a shop of Haynes, not on the described premises, but on the opposite side of the street therefrom, with the exception of three days' work on the piazzas and privies of said houses; and that the balance claimed in his petition to be due for the labor so performed had never been paid. There was evidence of the number of days' labor performed by the petitioner upon materials used in erecting said houses, from November 11 to November 25, 1878, and that the labor consisted in getting out finish for said houses.

VOL. XVII.          12

The petitioner testified as follows as to his employment with Haynes : " On September 10, 1878, I applied to Haynes to employ me as a carpenter; he told me he had two houses to build for the respondents, and one in Sherborn for Mrs. Sanford; he said he was giving $1.50 per day; I asked $1.75 per day for my labor; no price was agreed upon that day, but we were to agree upon a price after I had worked a few days ; he directed me to begin work in his shop, getting out finish for the Sleeper houses ; I commenced doing so on September 10, 1878, and, after working for eight or ten days, I told Haynes that I could not work longer for less than $1.75 per day, and we then agreed upon $1.75 per day for the whole time. I continued for eighteen days working on finish that went into the Sleeper houses, when Haynes directed me to stop and commence getting out finish for the Sanford house ; the finish of each house was got out according to specifications given me ; when Haynes hired me, I understood that I was to get out finish for the Sleeper houses, and for the Sanford house, and generally to do any work that he might direct me to do on those houses."

The respondents asked the judge to rule that, on this evidence, the petitioner could not maintain his lien. The judge so ruled and directed a verdict for the respondents.

*E. F. Dewing*, for the petitioner.

*L. H. Wakefield*, for the respondents.

SOULE, J. The respondents rely on two grounds of defence. First, that there was no sufficient contract between the petitioner and Haynes to be the foundation for a lien; and second, that the work was not actually done on the premises, by the petitioner, though the material on which he worked went into and became a part of the respondents' buildings.

The petitioner performed the labor under a general employment by Haynes to work in getting out finish for the buildings of the respondents, and a building of another person, at day's wages to be afterwards fixed. This is a sufficiently definite contract under the statute. The case differs from *Manchester* v. *Searle*, 121 Mass. 418, in which the question was not, as here, whether a lien could be maintained, but whether a sufficiently definite contract as to certain repairs had been made with the petitioner before the premises were mortgaged, to establish a

lien against the mortgagee's interest, for labor done and materials furnished after the mortgage was made and recorded.

The labor was not performed on the premises, but was done on material which was designated as intended for use in the buildings on the premises, and was in fact so used. It has been held that a lien may be maintained for work thus done away from the premises, in preparing material which is intended for use, and actually used, in the construction or repair of a building. *Dewing* v. *Wilbraham Congregational Society*, 13 Gray, 414. See also *Jones* v. *Keen*, 115 Mass. 170. The case of *Donaher* v. *Boston*, 126 Mass. 309, cited by the respondents, has no bearing on the case at bar. It was decided there that one who has agreed to furnish to a contractor material wrought to a stipulated condition, under such circumstances that he has no lien for material on the premises where it is used, has no lien for labor performed in preparing the material.

The judge who presided at the trial in the Superior Court erred in ruling that on the evidence no lien could be maintained. *Verdict set aside.*