DAVID R. WEBSTER *vs.* REAL ESTATE IMPROVEMENT
COMPANY.

Essex.    Nov. 5, 1885. — Jan. 9, 1886.    FIELD & DEVENS, JJ., absent.

Under the Pub. Sts. *c.* 191, no lien can be maintained for labor performed in haul-
ing lumber and sand to the premises upon which the lien is sought to be en-
forced, although the lumber and sand are intended to be used in the construction
of a house, and portions of them are actually so used.

GARDNER, J.  The petitioner seeks to enforce a mechanic's
lien under the Pub. Sts. *c.* 191, § 1, for labor performed and
furnished in the erection of a building.  His account consists of
a large number of items of charges for hauling lumber and sand
to the premises upon which a building was in process of erection.
One Killam was the contractor for building the structure; and
the petitioner, under a contract with him, carted the lumber and
sand charged in his account.

Under certain circumstances, a lien may be established for
work done, away from the premises, in the construction of a
building.  In cases where the inside finish of the house has been
got out at the carpenter's shop, or where the lumber has been
sawed and planed at the mill, or the iron-work done at the
blacksmith's shop in the repair of a vessel, it has been held that
a lien may be established, for work thus done away from the
premises or vessel, in preparing material which is intended for
use, and is actually used, in the construction or repair.  *Dewing*
v. *Wilbraham Congregational Society*, 13 Gray, 414.  *Bennett* v.
*Shackford*, 11 Allen, 444.  *Jones* v. *Keen*, 115 Mass. 170, 185.
*Wilson* v. *Sleeper*, 131 Mass. 177.  In the last case, although the
labor was not performed upon the premises, it was done on the
material, "which was designated as intended for use in the build-
ings on the premises, and was in fact so used."  Such labor was,
therefore, to all intents and purposes performed in the erection,
alteration, or repair of a building under the terms of the statute.
Where, for the sake of convenience, or from necessity, the mate-
rial is shaped, the lumber sawed, planed, and fitted for its proper
place in the structure, where the stairs are built, or the doors are
made for the building, away from the premises, but in reality
as parts of the labor of construction or repair, intended to be

used, and actually so used, becoming parts of the structure, this work and labor are as effectual in laying the foundation for a lien, as if performed upon the land on which the house is erected.

These cases furnish no precedent for the case at bar. The petitioner does not allege that he performed any labor upon material which became part of the structure, so as to change its shape or character, in order to adapt it to the building. He did nothing with the sand, to make it fit and proper to enter into the construction of any part of the house, nor did he perform any labor by which the lumber was fitted and adapted to any section of the structure. What he did was to draw the sand to these premises, so that the contractor, if he saw fit, with other material could make it into mortar, and use it in the construction of the building. So with the lumber; when delivered, the contractor could do with it as he pleased. He could sell it, as his assignee in insolvency afterwards did as to a part of it, or he could use the sand in making mortar, and then sell it, as was done by his assignee as to a portion thereof, or he could employ them in the erection of the house.

We think this labor of the petitioner does not come within the terms of the statute; that it was not connected with the building of the structure; and that it was too remote to enable him to establish a mechanic's lien therefor. It is difficult to distinguish the claim of the petitioner for a lien from that of the railroad for transporting the lumber, or from that of the teamster who carted it to the railroad, or from the claim of the wood-cutter who felled the trees, provided they stood in other respects towards the respondent as does this petitioner.

The petitioner argues that, if this petition is not sustained, all the class of workmen known as helpers, such as hod-carriers, and those who convey material from one part of the building to another, would be prevented from maintaining a lien for their services. The distinction between the two classes is apparent. The one class is employed and labors actually upon the premises in the construction and erection of the building, while the petitioner simply brought the raw material to the premises.

*Exceptions overruled.*

*W. H. Moody,* for the petitioner.

*E. T. Burley & N. C. Bartlett,* for the respondent.