ECCLESTON, APPELLANT, *v.* HETTING ET AL., RESPOND-
ENTS.

[Submitted October 23, 1895.   Decided November 4, 1895.]

MECHANIC'S LIEN—*Subcontractor in third degree.*—Where the original contractors
were to furnish certain ties to a railroad company to be used in the construction of
the railroad, and sublet their contract to another who contracted with plaintiff to
haul and deliver the ties, plaintiff thereby became a subcontractor in the third degree,
and, as such, was entitled to a mechanic's lien against the real property of the rail-
road company.   (*Duignan* v. *Montana Club*, 16 Mont. 189, followed; *Merrigan* v. *Eng-
lish*, 9 Mont. 113, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to ·foreclose a mechanic's lien.   The demurrer of
the defendant railroad company was sustained by McHATTON,
J.   Reversed.

Statement of the case by the justice delivering the opinion.

This is an action on an account, and to foreclose a me-
chanic's lien.   The defendant the Butte, Anaconda & Pacific
Railway Company demurred to the complaint.   The demurrer
was sustained, and judgment entered for that defendant.
Plaintiff appeals.

The complaint set forth that the railroad company is the
owner of certain land, to wit, a roadbed, with the railroad
track thereon (describing it particularly); that Carroll & Co.
entered into a contract with the railroad company, agreeing to
furnish certain ties to the company, to be used in the construc-
tion of their railroad; that Carroll & Co. entered into a con-
tract with the defendant Hetting to furnish said ties to the
railroad company; that Hetting entered into a contract with
plaintiff to haul said ties from the place where they were cut,
and deliver the same at a point on the right of way of the rail-
road company, for 13½ cents apiece; that plaintiff so hauled
2,757 ties, the contract price of which was $372.19; that upon
said sum there is still due $281.24.   The complaint then sets
up further the proper allegations showing the obtaining of a

lien against the said real estate of the railroad company. These allegations need not be recited, as what we have heretofore detailed gives the portion of the complaint as to which the contention upon the demurrer was decided.

*Oliver M. Hall,* for Appellant.

*W. W. Dixon* and *William Scallon,* for Respondents.

DE WITT, J.—That a subcontractor of a subcontractor in the third degree is entitled to a lien, under our statute, was decided in *Duignan* v. *Montana Club,* 16 Mont. 189, which case follows to its legitimate conclusion the views which had been expressed preliminary thereto in the case of *Merrigan* v. *English,* 9 Mont. 113.

We are of opinion that the facts in this case bring it within the interpretation of the statute made in the case of *Duignan* v. *Montana Club.* Here Carroll & Co. were the contractors, Hetting was subcontractor, and the plaintiff the second subcontractor. We do not think that Carroll's contract was simply for a sale and delivery of the ties. It was for the furnishing of ties to the railroad company, to be used in the construction of the railroad. They were used in the construction of the railroad. The contract was to furnish the ties,—to deliver them complete and ready for use. The constituent elements of the final result to be produced were the cutting and preparing of the ties, and delivering them to the railroad company at a point on their line. This contract was sublet to Hetting. One of the elements for the complete result was sublet by Hetting to the plaintiff, to wit, the moving of the ties to the railroad. Hetting did not employ plaintiff as a teamster, or as a servant in any way.

It is urged by respondents that one may not have a lien for freight, but this is not a question of freight. The hauling of the ties was a constituent and absolutely essential element in the main contract which was to furnish the ties. Hetting gave to plaintiff an independent contract for a portion of the original whole contract, that portion being the hauling. The plaint-

iff's work and labor went to the railroad company, and into the structure as ties, as a completed product, as thoroughly as did the labor of the men who cut the ties and dressed them. The whole contract consisted in laying the ties down, ready for use, on the line of road.   A portion of this whole contract was performed by the plaintiff as a subcontractor of a subcontractor.

We are therefore of opinion that he brought himself within the class of persons entitled to a lien.   It is therefore ordered that the judgment be reversed, and the cause remanded to the district court, with directions to overrule the demurrer.

*Reversed.*

PEMBERTON, C. J., and HUNT, J. concur.