MICHAEL F. TRACY & another *vs.* JOHN H. WETHERELL. & another.

Suffolk.   November 22, 1895. — January 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Mechanic's Lien — Contract for Materials only, and not for Labor and Materials.*

On the trial of a petition to enforce a mechanic's lien under Pub. Sts. c. 191, it appeared that the contract under which the petitioner was to "furnish and deliver" certain articles of wood-work for a house, "all prepared," in shapes like those in another house, even if it necessitated special manufacture and

called for things not to be found in the market, which did not appear, would have been satisfied by a delivery of those articles by whomsoever prepared, and that, however likely it was that the petitioner would have to prepare the things himself, the contract did not require him so to do. *Held,* that the contract was one for materials only, and not for labor and materials, and that there was no "debt due for labor" or "agreement for labor and materials" within Pub. Sts. c. 191, §§ 1, 2.

PETITION, under Pub. Sts. c. 191, to enforce a mechanic's lien against John H. Wetherell and Jacob H. McLeod.

The case was submitted to the Superior Court, and, after judgment for the respondent, to this court, on appeal, upon agreed facts, in substance as follows.

The respondent McLeod, who was a builder, made, early in 1893, a contract with the respondent Wetherell to build a dwelling-house for the latter, on his land described in the petition, for a fixed price, the inside finish of which was to be like that of a certain other house then owned by Wetherell. About July 1, 1893, McLeod made a verbal contract with the petitioners, who were manufacturers of fine finished lumber, by which they were to furnish and deliver to him at the first mentioned house all the floorings, sheathings, materials for stairs, and all other materials for interior wood finish, to be used in the construction of the house, all milled, turned, wrought, and otherwise prepared in the same shapes and forms as the finish used in Wetherell's other house, for the sum of $534. Afterwards McLeod requested the petitioners to furnish and deliver to him at the first mentioned house, to be used in the construction thereof, other articles of wood-work, viz. certain specified wood columns, 450 ft. $\frac{7}{8}$ Scotia, one door frame and finish for one door, as set forth in their petition, all prepared in the shapes and forms for the purposes for which they were ordered. The petitioners, acting under their contract with McLeod and under his request, prepared the floorings, sheathings, and all other articles embraced in the contract and request, in the shapes and forms stipulated, out of their own lumber for said house, and delivered the same to McLeod at said house, and he afterwards applied them to the house, and they were all actually used in the construction thereof, although a considerable portion of them could have been used elsewhere than in the house. The contract did not require the petitioners to prepare the articles themselves;

but all the labor performed and furnished as aforesaid by the petitioners in the preparation of the same for the house was done in their own mill and shops in Cambridge, away from the house and land, covering sixty-seven days, and was worth $263. The value of the last named articles of wood-work was $43.63. The amount still due the petitioners from McLeod under his contract with them, and for the last named articles of wood-work, was $374.15.   The respondent McLeod was defaulted.

If, on the foregoing facts, the petitioners were entitled to enforce a lien on the house and land for the labor performed and furnished by them as aforesaid, judgment was to be entered in their favor for $263, the value thereof, with interest from September 18, 1893, the time of the filing of the petition, for their costs, and for the usual order of sale ; otherwise, the petition was to be dismissed, and judgment entered for the respondent Wetherell for his costs.

*S. H. Dudley*, for the petitioners.

*J. S. Patton*, for the respondent Wetherell.

HOLMES, J.   The contract under which the petitioners were to "furnish and deliver" certain articles of wood-work for a house, "all prepared" in shapes like those in another house, even if it necessitated special manufacture and called for things not to be found in the market, which does not appear, would have been satisfied by a delivery of those articles by whomsoever prepared.   However likely it may have been that the petitioners would have to prepare the things themselves, the contract did not require them to do so.   This being so, the contract was a contract for materials only, and not a contract for labor and materials ; there is no " debt due for labor" or "agreement for labor and materials " within Pub. Sts. c. 191, §§ 1, 2, and the case is governed by *Donaher* v. *Boston*, 126 Mass. 309.   The distinction is a very old one, and, although there always has been some difference of opinion, the majority have taken the view which we accept.   *Plerisque placuit emptionem et venditionem contrahi*.   Gaius 3, § 147.   D. 19. 2. 2, § 1.   Under the statute of frauds the matter has been discussed a good deal.   The Massachusetts decisions do not go so far as the English in excluding a claim for labor ; *Goddard* v. *Binney*, 115 Mass. 450 ; *Lee* v. *Griffin*, 1 B. & S. 272 ; but it has been suggested

that, even under the Massachusetts rule, labor not contracted for but performed as a means of furnishing an article contracted for cannot be made a cause of action. *Bacon* v. *Parker*, 137 Mass. 309, 312. In *Webster* v. *Real Estate Improvement Co.* 140 Mass. 526, 527, the language relied on by the petitioners is used with reference to labor assumed to be called for by the contract, although performed away from the premises.

*Judgment for the respondents.**

---

* A similar decision was made on the same day in Suffolk, in the case of John A. Eisnor & another *vs.* John P. Dinand & another.

Petition, under Pub. Sts. c. 191, to enforce a mechanic's lien for labor.

Trial in the Superior Court, without a jury, before *Sheldon*, J., who found the following facts, namely: that the petitioners on June 12, 1893, made the following written proposal to Samuel H. Johnson: " We propose to furnish and deliver for house of J. P. Dinand, on Bowdin Ave., Mt. Washington, all window frames and outside door frames, all bracketts, all mouldings on outside of house, all corner and facie boards, columns and balustrades, outside steps and risers, piazza floors, all finish lumber for water tables and belts around house, all milled out according to plans; will cut all shingles for belt (shingles to be furnished by the owner), all carved work as shown on plan, wrought in first class manner according to plans and details for the sum of seven hundred and thirty dollars ($730) ''; that this proposal and its acceptance by Johnson constituted the contract relied on by the petitioners, and under which they performed and furnished the labor charged in the account annexed to the petition; that Johnson was a builder and had a contract with the respondent Dinand to build a house on the premises described in the petition, and belonging to Dinand, for a fixed price; that the petitioners, acting under their agreement with Johnson, made the window frames and other articles named in the proposal out of lumber owned or furnished by themselves, and delivered the frames and other articles to Johnson at the house, and Johnson applied them to the house; and that the frames and other articles were made according to plans and details furnished by the architect employed by Dinand, and were designed to be used and were actually used in the construction of the house. All the labor of the petitioners was performed on their own material, which remained their property until delivered to Johnson as aforesaid, and all their labor was done in their own shop away from the house, except that a small part of their labor, the amount of which could not be determined on the evidence, was used in obtaining measurements at the building to enable them to do the work required by said agreement. The total amount of labor performed and furnished by the petitioners as aforesaid was seventy-six days, and was worth $304. The petitioners did not cut the shingles for the belt, as provided in the proposal, and were not called on so to do. They performed the agreement in all other respects, and have not been paid for any part of the labor.

---

The judge found, on the above findings, that the agreement was not an entire contract with Johnson to furnish or supply labor and materials for the house, but merely a contract to supply to Johnson certain materials wrought to stipulated shapes or conditions, and ruled, as matter of law, that the petition could not be maintained; and the petitioners alleged exceptions.

*C. G. Keyes & C. D. Keyes*, for the petitioners.
*J. P. Leahy*, for the respondents.

HOLMES, J. The petitioners did not cut shingles under their contract. The other part of the contract was for materials only, and is governed by *Tracy* v. *Wetherell, ante*, 113.                    *Exceptions overruled.*