KEHOE v. HANSEN, *et al.*

One who, under a contract with the owner or contractor, hauls material for a building, erection, or other improvements, and which is used in the erection of the same, is entitled to a lien therefor under the mechanic's lien laws of this state.

(Syllabus by the Court.   Opinion filed   Jan. 27, 1896.)

Appeal from circuit court, Edmunds county.   Hon. HOWARD G. FULLER, Judge.

Action to foreclose a mechanic's lien.   Judgment for defendants.   Plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*S. H. Cranmer,* for appellant.

Though a party seeking to foreclose a mechanic's lien should not allege such facts as to entitle him to a mechanic's lien or fail to establish it by evidence, he might still be entitled to a personal judgment on the contract—and it would be error to refuse the introduction of any evidence under such complaint. McCormack v. Phillips, 34 N. W. 53; McMillan v. Phillips, 5 Dak. 294; Patrick v. Abeles, 27 Mo. 184; Maltby v. Greene, 3 Abb. App. 144; Wilson v. Sleeper, 131 Mass. 177; Hill v. Newman, 38 Pa. 151; Brugman v. McGuire, 32 Ark. 733; Haight v. Schuck, 6 Kan. 192; Glocius v. Black, 4 Hun. 91, 67 N. Y. 563. Re Hope Mining Co., 1 Sawy. 710; Comp. Laws § 5469.

*C. H. Barron (Albert Gunderson* of counsel), for respondents.

The record must affirmatively show error to justify reversal.   Ormsby v. Conrad, 57 N. W. 778; Kent. v. Ins. Co., 50, *Id.* 85.   No evidence can be reviewed on appeal without a motion for new trial having been made and overruled.   Pierce v. Manning, 51 N. W. 332; Geer Scott v. Spalding, *Id.* 867.

CORSON, P. J.   This was an action to enforce a lien under the mechanics' lien law of this state.   Judgment for defendants, and the plaintiff appeals.   The cause of action is stated in the first paragraph of the complaint as follows:   "That on

the first Monday of March, 1886, at said Edmunds county, said plaintiff made a certain contract with John Hansen, one of the defendants above named, by which plaintiff agreed to perform certain labor on and about the erection of certain buildings, structures or improvements, to wit: a certain dwelling house, barn, and granary, situated upon the following described land. * * * Said labor was to be performed by said plaintiff and his team, and by said contract the said defendant John Hansen agreed to pay to the said plaintiff therefor at the rate of three dollars per day for each day's labor so performed by said plaintiff and his team." The usual allegations of filing a verified account and claim for a lien were made, and in conclusion the plaintiff prays for judgment for the amount due, and that the same be adjudged to be a lien upon the property described, etc. The account filed and made a part of the complaint reads as follows: "To hauling lumber with team, 25 days, $75.00; to interest, $8.00; to drawing and filing lien, $5.00." The allegations of the complaint, taken in connection with the account filed, show that the claim for a lien is based upon a contract for hauling the lumber for the buildings erected on the land described.

Upon the trial the defendants objected to any evidence under the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action. This objection was sustained by the court, and all evidence excluded, and judgment rendered for the defendants. The specific ground of the objection was that the plaintiff could not enforce a lien for hauling lumber for the buildings, such a lien not being given by the terms of our lien law. The theory of the trial court in holding the complaint insufficient evidently was that a person hauling lumber for a building did not come within the terms of the statute, which provides "that every mechanic or other person who shall do any work upon, or furnish material," etc., (Sec. 5469, Comp. Laws), is entitled to a lien upon such building, etc. This question has never been passed upon in this state,

and is one of much importance.   Ordinarily  the contractor for
the material delivers  the  same,  and  includes  the  expense of
hauling in the price of the material.   No  objection,  so  far as
we  are  aware,  has  ever  been  made  to thus including the ex-
pense of hauling in the price of the material.   If  it  may  be so
included,  and  the  lien  made  to cover the same, why may not
the cartman make a separate contract for hauling, and  acquire
a valid lien therefor?   We can discover no valid reason why, if
the contract to haul the lumber is made directly  by  the  owner
with  the  cartman,  he  may  not  enforce a lien therefor.   The
hauling of the material, in  many  instances, constitutes a large
item in the expense of the building, especially where the  same
is built of stone or brick.   Labor,  therefore, in getting the ma-
terial together upon the  ground,  ready  for  the  structure,  is
fairly  within  the  meaning  of our mechanic's lien law of work
upon the building—work that enters into, and constitutes labor
upon, the building.   In  this view we are supported by the su-
preme  court  of  Pennsylvania.   In Hill v. Newman, 38 Pa. St.
152, this precise question was before that learned  court,  and
the court, speaking through LOWRY, C. J., says:   "The law is
that every building may be subjected  to a lien for the payment
of all debts contracted for  work  done  and  materials furnished
for  or  about  its  erection, and this may very fairly be taken to
include the work of hauling the materials to the place of build-
ing.   We think we should have to unduly strain  the  language
in order to exclude it.   It is work about  the  erection  of  the
house, and is, of course, charged for by the material man when
he has the lumber, stone, brick, sand, or lime delivered by his
own carters.   The hauling away of the clay dug out of the cel-
lar  and  foundation is always considered proper work for him;
and we know not why the carter may not be a  proper  man  to
claim it,  if  he did the work at the request of the owner or the
contractor, and not as a mere hireling under  the  contractor, or
under  a  subcontractor.   We  think,  therefore, that this lien
ought not to have been struck off."   It is true, the language of

the Pennsylvania statute is somewhat broader and more comprehensive than that used in our statute, but the difference in the language is not such as to require a different decision under our statute. As we have said in former decisions by this court, the mechanic's lien law is remedial in its nature, designed for the protection of a most meritorious class of persons, and should receive a liberal construction in furtherance of the protection of such persons. Pinkerton v. LeBeau, 3 S. D. 440, 54 N. W. 97. We have not overlooked the case of Webster v. Improvment Co., 140 Mass. 526, 6 N. E. 71, in which the supreme court of that state held that a party hauling lumber or other material for the construction of a building is not entitled to a lien. But the reasoning of the learned court in that case is not satisfactory to us, and the decision does not, in our view, as fully carry out the spirit and intention of the lawmaking power as the decision in the case cited from Pennsylvania. As bearing upon this question, see Dixon v. LaFarge, 1 E. D. Smith, 722; Eccleston v. Hetting (Mont.) 42 Pac. 105. Our conclusion, therefore, is that the plaintiff, upon the facts shown in the complaint, is entitled to a lien upon the building and premises, and that the circuit court erred in its ruling upon that question. The judgment of the circuit court is therefore reversed, and a new trial ordered.

FULLER, J., took no part in this decision.