PATRICK DALEY *vs.* CHARLES E. LEGATE & others.

JAMES BOWES *vs.* SAME.

Berkshire.　September 14, 1897. — October 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Mechanic's Lien — Auditor's Report — Labor performed under Subcontract off Premises — " Consent " of Owner — Right of Unpaid Employee.*

If a case is referred in the Superior Court to an auditor to " hear the parties, examine their vouchers and evidence, and state the accounts, and make report thereof to the court, the finding of the auditor to be final on questions of fact," it will be inferred by this court, on appeal from the judgment of the Superior Court, that the parties intended that the auditor's report should be treated as an agreed statement of facts.

Where A. contracts with B. to furnish the materials and erect a building on his land, he will be held to have contemplated that B. might sublet a portion of his contract, and labor performed under a subcontract with C. to furnish the labor and materials required for the granite work is performed with A.'s consent.

It is not necessary, in order to establish a mechanic's lien, that the labor should have been performed on the premises where the building was being erected.

The fact that a subcontractor might not have had a mechanic's lien for the labor performed by a person in his employ, or that he has been paid for such labor, does not operate to prevent such person from maintaining a lien, if he has not received his pay therefor from his employer.

TWO PETITIONS to enforce mechanic's liens, under Pub. Sts. c. 191. In the Superior Court, the cases were referred to an auditor to " hear the parties, examine their vouchers and evidence, and state the accounts, and make report thereof to the court, the finding of the auditor to be final on questions of fact."

The auditor found and reported the following facts in the first case.

The petitioner had been employed by one D. J. Crowley for

about two years before he did the work mentioned in this case. Crowley was engaged in stonework, so called, and carried on a yard at North Adams for doing such work for monumental and building purposes. The petitioner commenced work as an apprentice to learn the stonecutter's trade and received in addition to instruction at first $1 a day. Afterwards, as he became more skilful, his wages in money were advanced to $1.50 a day, then to $2 a day, and finally to $2.50 a day, the price that he was to receive from Crowley when he did the work for which he seeks pay in this case. He was employed to do any work that should be given him by Crowley, in the yard or away from the yard, in the erection of buildings or placing of monuments. His employment contemplated no particular kind of work, except that it was to be work in Crowley's business and line, namely, that of stonecutting. He testified that he believed nearly all of the work for which he charged in this case, and which was done in Crowley's yard, was done on materials intended to be used and actually used in the erection of the respondents' building, and that he knew the materials were to be so used when he did the work upon them. This work consisted in dressing the rough stone into forms expressly designed and made according to plans for use on said building. The petitioner admitted that he had done some work during the time in other places and on other materials than those used in the respondents' building, but claimed that the amount of such other work was very little.

The petitioner also testified that he had done three days' work on the respondents' building, these three days being a part of the twenty-five days charged in his petition. He had been paid $5.66 towards this work, and it did not appear that he had credited this amount except generally on his account. No evidence was offered as to the actual value of the plaintiff's services.

The respondents had contracted with one Fleming to furnish the materials and build a block on their lot in Adams, described in the petition, and Fleming sublet to Crowley the granite-work on the building for a round price for materials and labor, Crowley agreeing to "cut all granite in buildings and set same in place above cellar wall." Crowley had been fully paid by

Fleming for all work and materials furnished by Crowley under his contract, Fleming having, as the last payment, accepted an order in writing given by Crowley, which order covered the amount due Crowley for all work done by the petitioner, as well as for other work of Crowley's hands on the job.

It was agreed that the petitioner had filed a statement in the registry of deeds within thirty days after he ceased to labor, and had done all things necessary to establish a lien for the wages due him, if he was entitled to such lien; and that Crowley was insolvent and had not paid the petitioner for the services charged in his petition.

The facts in the second case did not differ materially from those in the first case.

The auditor stated the account in each case, and referred to the court the question of the right of the petitioner to maintain a lien on the building and lot described in his petition.

*Maynard,* J. found for the petitioner in each case, and ordered judgment accordingly; and the respondents appealed to this court.

*F. R. Shaw,* (*H. L. Harrington* with him,) for the respondents.

*C. T. Phelps,* for the petitioners.

MORTON, J. The facts in these two cases are very much alike, and they were argued together. At the argument the petitioner in each case moved that the appeal be dismissed and the judgment affirmed, on the ground that the appeal had not been entered in this court within a reasonable time, as required by statute. Pub. Sts. c. 153, § 15. The motion was dismissed in each case, it appearing that there was a reasonable excuse for the delay.

The cases were referred in the Superior Court to an auditor to "hear the parties, examine their vouchers and evidence, and state the accounts, and make report thereof to the court, the finding of the auditor to be final on questions of fact." There was no agreement, except as may be inferred from the auditor's rule, that the auditor's report was to be regarded as a case stated or as an agreed statement of facts. In the absence of such an agreement, it is doubtful, to say the least, whether an appeal would lie from the judgment of the Superior Court. *Hutchinson* v. *Tucker,* 121 Mass. 402. *Chapman* v. *Briggs Iron Co.* 6 Gray,

330. But, in view of the fact, that the stipulation in the auditor's rule that his findings should "be final on questions of fact" could not have been inserted except by agreement of parties, we think that the fair inference is that they intended that the auditor's reports should be treated as agreed statements of facts, and accordingly we proceed to consider the cases.

The respondents contracted with one Fleming to furnish the materials and build a block on their lot. Fleming in turn contracted with one Crowley for a round sum to furnish the labor and materials required for the granite work. Both of the petitioners were in Crowley's employ, and both worked in his yard on materials intended to be used and actually used in the erection of the respondents' building, and knowing at the time that the materials were to be so used. In Daley's case it further appears that there was evidence tending to show that the "work consisted in dressing the rough stone into forms expressly designed and made according to plans for use on said building," and that he worked three days on the building itself, which are included in the labor for which he seeks to establish a lien.

We think that the respondents must be held to have contemplated that Fleming might sublet a portion of his contract, and that therefore the labor performed by the petitioners was performed with their consent. *Parker* v. *Bell*, 7 Gray, 429. *Hilton* v. *Merrill*, 106 Mass. 528. *Beatty* v. *Parker*, 141 Mass. 523. It was not necessary in order to entitle the petitioners to liens that the labor should have been performed on the premises where the building was in the process of erection. "Under certain circumstances, a lien may be established for work done, away from the premises, in the construction of a building." *Webster* v. *Real Estate Improvement Co.* 140 Mass. 526. *Wilson* v. *Sleeper*, 131 Mass. 177. *Jones* v. *Keen*, 115 Mass. 170, 185. *Weeks* v. *Walcott*, 15 Gray, 54. *Dewing* v. *Wilbraham Congregational Society*, 13 Gray, 414. *Clark* v. *Kingsley*, 8 Allen, 543.

The cases of *Tracy* v. *Wetherell*, 165 Mass. 113, *Eisnor* v. *Dinand*, 165 Mass. 116, note, and *Donaher* v. *Boston*, 126 Mass. 309, are distinguishable. In those cases it was held that subcontractors who had agreed to furnish materials wrought to a stipulated condition which they might have procured elsewhere had no lien for the labor expended in preparing such material, be-

cause their contracts were for materials and not for labor and materials, or were for the sale of finished articles of merchandise at a fixed price to the contractor. Those cases would have more nearly resembled these if Crowley had been the petitioner seeking to maintain a lien for the labor furnished in preparing the granite for the use to which it was put. As they stand they are cases in which the petitioners seek to establish liens for labor, performed under circumstances which imply the consent of the respondents, "on material which was designated as intended for use in the buildings on the premises, and was in fact so used," (*Wilson* v. *Sleeper, ubi supra,*) and was not adapted to or available for general use or sale in the market. The fact that Crowley might not have had any lien for the labor for which the petitioners seek to maintain liens, or that he has been paid for such labor, does not operate to prevent them from maintaining liens. *Bowen* v. *Phinney*, 162 Mass. 593. *Atwood* v. *Williams*, 40 Maine, 409.

It is to be observed that, according to Crowley's contract with Fleming, he was to "cut all granite in buildings and set same in place above cellar wall"; so that by the very terms of his contract Crowley was to furnish labor and material for the erection of the respondents' buildings, and not merely finished articles of merchandise to Fleming the contractor.

Though it is said of Daley that he commenced work in Crowley's yard as an apprentice, there is nothing to show that, either at the time when he performed the labor for which he seeks to establish a lien, or at any other time, he was not entitled to the wages which Crowley agreed to pay him in addition to the instruction which he received.

We assume that the $5.66 which the auditor finds was paid Daley on account of the three days' work which he did on the buildings has been properly credited.

The result is that in each case we think that the judgment should be affirmed, and it is

*So ordered.*