ALBERT G. SMALLEY *vs.* CALEB O. HAMBLIN.

Suffolk. November 16, 1896. — February 28, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract — Statute of Frauds.*

Where there is an understanding that the articles are not to be manufactured by the vendor, but are to be procured by him of some other person who manufactures and sells them, and are to be delivered by the vendor to the purchaser for an agreed price as completed articles of merchandise, the transaction is a sale of merchandise, and is within the statute of frauds, Pub. Sts. c. 78, § 5.

CONTRACT, upon an account annexed, for bottles made by the plaintiff for the defendant, at the defendant's request, at a price exceeding fifty dollars. The answer set up the statute of frauds, Pub. Sts. c. 78, § 5.

At the trial in the Superior Court, before *Hammond*, J., there was no evidence of any note or memorandum in writing of the bargain signed by the defendant or by any person lawfully authorized by him, or that the defendant accepted or received any part of the goods ordered, or gave anything in earnest to bind the bargain, or in part payment. At the close of the evidence, the judge, at the request of the defendant, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*F. Ranney & S. D. Elmore*, for the plaintiff.

*W. O. Kyle*, for the defendant.

FIELD, C. J. Upon the case stated in the exceptions, we think that the court rightly ruled that the contract shown was one for the sale of goods, wares, and merchandise, within the meaning of the statute of frauds, Pub. Sts. c. 78, § 5.

The plaintiff was not a manufacturer of bottles, but a dealer in them. The bottles ordered by the defendant were manufactured by the Moore Brothers Glass Company, according to models made by that company two years before under the direction of the plaintiff, and submitted to the defendant for approval. The defendant, before the order in the present case was given, had ordered of the plaintiff several lots of similar bottles, and had received and paid for them. The plaintiff did not keep bottles of this peculiar kind in stock, but he ordered them of the company when the defendant gave him orders. The plaintiff had sold a few dozen bottles of one of the sizes to persons other than the defendant, out of broken cases ordered for the defendant. There was no evidence that the Moore Brothers Glass Company made bottles of this kind for anybody else, but it does not appear that the company would not have made such bottles for anybody who ordered them, or that the plaintiff would not have ordered such bottles made for anybody who called for them; neither does it appear that the defendant had an exclusive right to use bottles of the kind ordered, nor that they were of a kind which could not be used by any person. It also does not appear that it was

a part of the contract between the parties that the bottles should be manufactured by the Moore Brothers Glass Company, although the kind of glass used was made only by that company. This we think was not a contract whereby the plaintiff agreed to furnish labor and materials to the defendant, but a contract to procure for and deliver to the defendant, at a price agreed upon, articles of merchandise which the plaintiff could procure from manufacturers who, so far as appears, were ready to manufacture similar articles for anybody who should call for them.

In *Goddard* v. *Binney*, 115 Mass. 450, many of our decisions, as well as some of those of England and of New York, are reviewed, but there is no express decision here with reference to the effect of an understanding that the articles are not to be manufactured by the vendor, but are to be procured by him of some other person who manufactures and sells them, and are to be delivered by the vendor to the purchaser for an agreed price as completed articles of merchandise. Where this fact has appeared, it usually has been considered that the transaction is a sale of merchandise. We think that it must be so held in this case. *Edwards* v. *Grand Trunk Railway*, 48 Maine, 379. *Pitkin* v. *Noyes*, 48 N. H. 294. *Prescott* v. *Locke*, 51 N. H. 94. See *Donaher* v. *Boston*, 126 Mass. 309; *Bacon* v. *Parker*, 137 Mass. 309; *Tracy* v. *Wetherell*, 165 Mass. 113.

*Exceptions overruled.*