UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF LEWERS & COOKE, LIMITED, A CORPORATION, ET AL. *v.* BURRELL CONSTRUCTION COMPANY, A CORPORATION, AND THE AETNA INDEMNITY COMPANY, OF HARTFORD, CONNECTICUT, A CORPORATION.

December 5, 1913.

1. *Building material—Cost of transportation—Reasonable value at place of delivery:* The cost of the transportation of building materials, furnished by sub-contractors for the construction of public works, is an element of their value at the place of delivery.

2. *Materials and labor—Tools and machines:* Tools and machines

used in the construction of buildings under an engagement to furnish materials and labor, are not within such contract.

*At Law:* Action in intervention for labor and materials.

*Kinney, Prosser, Anderson & Marx* for Lewers & Cooke, Limited, Bank of Hawaii, Limited, Honolulu Iron Works Company, Catton, Neill & Company, Limited, Lucas Brothers, and A. B. Johanson.

*W. W. Thayer* and *R. W. Breckons* for E. O. Hall & Son, Limited.

*H. G. Middleditch* for The von Hamm Young Company, Limited.

*P. L. Weaver* for Robert Dalziel Jr. Company.

*Thompson, Wilder, Watson & Lymer* for defendants.

Dole, J. This case was begun in this court February 5, 1908, under the provisions of an act of Congress approved August 13, 1894 (28 Stat. L. 278), entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," as amended by an act approved February 24, 1905 (33 Stat. L. 811); the said Burrell Construction Company being the party who had contracted with the United States to construct certain public works, and the said Aetna Indemnity Company being the surety under the statute on the bond of the Burrell Construction Company. Besides the original petition by Lewers & Cooke, Limited, there are eight petitioners intervening in the case. Subsequent to the institution of said suits of intervention, Theodore H. Macdonald and J. Birney Tuttue, both of New Haven in the State of Connecticut, were appointed receivers of the said Aetna Indemnity Company in a case then pending in the Superior Court of the said State in and for the county of Hartford, entitled Theodore H. Macdonald, Insurance Commissioner, versus the Aetna Indemnity Company. After certain questions of law were

disposed of and considerable evidence was taken in the original proceedings, all of the petitioners, excepting Robert Dalziel Jr. Company, a corporation, and the said receivers filed on May 28, 1912, a stipulation, and on August 20, 1912, an agreement, it being understood between counsel that duplicates or originals of such stipulation and agreement were also filed in the said case of Theodore H. Macdonald, Insurance Commissioner, pending in the said Superior Court of the said State of Connecticut; by which stipulation and agreement, the parties thereto agreed, subject to the approval of the said Superior Court of the said State of Connecticut, that judgment as to the said petitioners should be rendered in this court dismissing this case, and by which the said receivers agreed to and did confess judgment in favor of each of the said petitioners,—parties to said stipulation and agreement, in a sum equal to twenty-five per centum of their respective claims filed herein, "that is to say in the amount set opposite the names of said claimants in schedule A attached to such agreement and made a part thereof, . . . with interest thereon as stated in such agreement and schedule, and also to pay the costs of court, reference fees and other necessary expenses as the same may be taxed" in this court.

Judgment may therefore be entered dismissing this case as to the said petitioners, upon their filing full receipts respectively for the said twenty-five per centum of their said claims with interest as aforesaid, and costs, reference fees and other necessary expenses as may be taxed by this court.

The disposition of the claims of the other petitioners being thus provided for, it remains for the court to consider the remaining claim,—that of Robert Dalziel Jr. Company.

This intervenor filed an amended petition December 1, 1911, in which it alleged that it had supplied and delivered to the said Burrell Construction Company, defendant

herein, between June 20, 1905, and March 27, 1908, materials and labor at the agreed price and reasonable value of $22,428.90 which were used in the prosecution and completion of the said public works, and that neither the said sum of money or any part thereof except the sum of $6,485.71 had been paid it by the defendants, and that there was then due and owing it from the defendants the sum of $15,943.19, with interest at six per cent. per annum, from the said date of March 27, 1908. A bill of particulars was filed May 26, 1909, which agrees in its totals with the said allegations.

Upon the evidence submitted I find the claim of Robert Dalziel Jr. Company satisfactorily proved, subject however to several corrections and deductions as hereinafter set forth. No reasonable ground appears why this claim should have been contested except as to such items.

[1] Counsel for defendants moved to strike out the testimony of witness Durant relating to freight and expressage on building materials used, and to cartage of copper and drain boards from Fort Shafter to town for the purpose of having work done on them, and for cartage back to Fort Shafter. Gurney, Tr., 100-101. This motion was denied except as to such cartage of copper and drain boards, in relation to which it was allowed. The cost of transportation of materials to the place of deliverey is an element of their value at such place. *United States v. Hageman,* 54 Atl. 344, 346; *Kehoe v. Hansen,* 65 N. W. 1075, 59 Am. St. Rep. 759; *Fowler & Guy v. Pompelly,* 76 S. W. 173; *United States v. Morgan,* 111 Fed. 474, 489.

[2] The following items are disapproved and deducted from the amount claimed:

Work that had to be replaced (Gurney Tr., 89)....$   4.50
Cartage of copper and drain boards, mentioned
   above (Gurney Tr., 82).......................   2.00
Collection charges on draft for $1,000 (Bill of par-
   ticulars 17) ...............................    .35

Tools and implements . . . [including 1 mallet, 4 wood clamps, 2 picks and handles, 2 shovels, 2 pipe cutters, 2 pipe vises, 1 large furnace, 1 metal pot, 9 testing plugs, 1 pipe machine, 1 box], amounting in value to.........................$113.28

There are also deducted from the amount claimed items amounting to $137.48, representing materials furnished to Robert Dalziel Jr. Company by Burrell Construction Company, not shown to have been paid for (Bill of Particulars 23).

Judgment may therefore be entered in favor of Robert Dalziel Jr. Company for $15,685.58, with interest at the rate of six per cent. per annum from March 27, 1908, and costs.