MARY A. MANNING *vs.* WOODLAWN CEMETERY CORPORATION.

Middlesex.    March 22, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Trespass. Water and Water Rights. Damages,* In tort. *Prescription. Practice, Civil,* Exceptions, Appeal.

In an action of tort against a cemetery corporation for damages resulting from a discharge of surface water by the defendant upon land of the plaintiff, a contention of the defendant, that as a matter of law upon facts found by an auditor, to whom the action had been referred with an agreement that his findings of fact should be final, the defendant had obtained a prescriptive right to turn water on to the plaintiff's land, was *held* to have been disposed of by a finding of the auditor, that "work in the nature of repairing old drains, replacing former stone drains with pipe drains, and laying new drains in avenues where none existed, has continued down to the time of bringing this suit," and by his refusal to find at the request of the defendant that for more than twenty years prior to the date of the

writ it had made no alteration or construction of drains tending to increase the flow of water on the plaintiff's land and that during that period there had been no substantial change in the average flowage.

From findings of the auditor in the action above described, it appeared that the plaintiff, owing to the flowage of water upon his land by the defendant, had been unable to use five acres of his land since 1909. The auditor found that this rendered the five acres "worthless," whereby the plaintiff "suffered damage to the extent of $2,000." He further found that by reason of this flowage "the plaintiff has lost . . . in each of the six years prior to the date of" his "writ, $750 each year, which the land would have yielded to . . . cultivation and that . . . [the plaintiff] would have cultivated it so as to have realized this amount, and that . . . [the plaintiff] has thus suffered a loss of $4,500." In the Superior Court the defendant's motion to recommit or reject the auditor's report was denied, and the plaintiff's motion for an entry of judgment on the report was allowed. A judge who heard the case on the auditor's report allowed a "motion that judgment be entered on the auditor's report and ordered judgment to be entered accordingly" and the defendant "claimed an appeal and duly excepted." *Held,* that

(1) Upon the plaintiff's land becoming "ruined and worthless" in 1909, he became entitled to compensation for the injury sustained;

(2) Apparently the auditor's finding of $2,000 as damages was based upon the extent of depreciation in the market value of the land injured, and was final;

(3) The plaintiff could not have in addition to the $2,000 an amount equal to the estimated annual profits derivable from the use of the land considered as undamaged agricultural land;

(4) As the parties agreed that the auditor's findings of fact should be final, this court treated the report as in the nature of an agreed statement of facts, and in the light of those circumstances considered the appeal of the defendant from the judgment of the Superior Court;

(5) The appeal was sustained; and, in accordance with the provisions of St. 1913, c. 716, judgment was ordered entered for the plaintiff in the sum of $2,000, with interest from the date of the writ.

Tort for damage resulting from the discharge of water by the defendant upon land of the plaintiff. Writ dated December 16, 1915.

The action was referred to an auditor, the parties agreeing that the auditor's finding of fact should be final. Material findings by the auditor are described in the opinion. The action was heard upon the auditor's report as the only evidence by *Lawton,* J., without a jury. The defendant moved that the report be "rejected or recommitted," and the plaintiff moved that judgment be entered on the auditor's report. The judge denied the defendant's motion and "allowed the plaintiff's motion that judgment be entered on the auditor's report and ordered judgment to be entered accordingly." From those orders "the defendant claimed an appeal and duly excepted."

*R. L. Mapplebeck,* for the defendant.

*W. J. Barry,* for the plaintiff.

DE COURCY, J. This is an action to recover for damage to five acres of the plaintiff's land, caused by the discharge of surface water thereon by the defendant. The case was heard by an auditor, under an agreement that his findings of fact should be final. Among the material facts found by him are the following:

The plaintiff owns about thirteen acres of farm land on the north side of Fuller Street in Everett. The defendant's cemetery covers an area of about one hundred and sixty-five acres, on the south side of Fuller Street, opposite the Manning farm. The defendant owns also a small triangular parcel on the north side of the street, which juts into the Manning farm. All the land on the south or cemetery side of Fuller Street is higher than that on the north side; and most of it slopes toward the street. The auditor finds, in substance, that the defendant, in developing its property as a cemetery, filled in the low and boggy area, laid out avenues and paths, and constructed a system of gutters and catch basins to drain its land; that it diverted the accumulated surface water and drainage into a pond located on the cemetery tract, and thence through a culvert under Fuller Street, and into an artificial ditch on its triangular tract; whence it was discharged upon the plaintiff's land. Beyond the Manning farm on the north were some drainage ditches, which connected eventually with the sea; but there was no natural watercourse across the plaintiff's property. The auditor found that this flowage of water rendered five acres of the plaintiff's land worthless, whereby she suffered damage to the extent of $2,000. He further found that by reason of this flowage "the plaintiff has lost . . . in each of the six years prior to the date of her writ, $750 each year, which the land would have yielded to her cultivation and that she would have cultivated it so as to have realized this amount, and that she has thus suffered a loss of $4,500." In the Superior Court the defendant's motion to recommit or reject the auditor's report was denied, and the plaintiff's motion for the entry of judgment on the report was allowed.

The contention of the defendant is that its appeal should be sustained on the ground that the court erred in entering judgment on the auditor's report, because " 1. As a matter of law, the dam-

ages found by the auditor are erroneous. 2. As a matter of law, the defendant had obtained a prescriptive right to turn water on. to the plaintiff's land." The second ground is disposed of by the findings of the auditor. One is that "work in the nature of re-pairing old drains, replacing former stone drains with pipe drains,. and laying new drains in avenues where none existed, has con-tinued down to the time of bringing this suit." And he expressly refused to find, in accordance with the defendant's eleventh and twenty-second requests, that for more than twenty years prior to the date of the writ it had made no alteration or construction of drains tending to increase the flow of water on the plaintiff's land, or that during that period there had been no substantial change in the average flowage.

The record discloses error in dealing with damages. Beginning in 1896 the defendant flooded a portion of the Manning farm. Its subsequent conduct created a continuing nuisance. The peri-odic injury to the plaintiff's land resulted finally in making the five flooded acres "ruined and worthless." It is not expressly stated when the land reached this condition. But as we interpret. the report, this was in 1909; because the auditor finds that in that year "the Mannings gave up all effort to cultivate the land sub-ject to these floodings, and because of these floods;" and he gave the plaintiff's eighteenth request for findings of fact, namely, "That the plaintiff has been unable to grow any vegetables or proper or sufficient hay to feed her cows since 1909, because of the water from Woodlawn Cemetery ruining five acres of her prop-erty." Thereupon the plaintiff became entitled to compensa-tion for the injury sustained. Ordinarily her damages would be measured by the depreciation in the market value of the property injured, if the injury caused by the nuisance was of a permanent. nature; or by the difference in the rental value of the premises before and after the injury, if the nuisance was of an occasional or temporary character. 20 R. C. L. 470. *Neal* v. *Jefferson,* 212 Mass. 517. Apparently the auditor's finding of $2,000 as dam-ages, was based on such depreciation in the market value of the land; and this finding is final. But we find no warrant in the report for the allowance of the additional yearly sum of $750, from 1910 to 1915 inclusive. This award presumably was based on the assumption that during those years the land was not

flooded, and was capable of producing a crop that would yield a yearly profit of $750. Aside from the seemingly conjectural method of arriving at the figures of $750 per year, the plaintiff could not have these two inconsistent remedies; one for the full damage to the five acres, regarded as having been rendered worthless and incapable of cultivation, and the other for the estimated annual profits derivable from the use of the same, considered as undamaged agricultural land. On the facts as found, the defendant since 1909 has practically deprived the plaintiff of all but the bare legal title to these five acres of land and rendered them worthless for farming purposes.

It may be added that it does not appear that any damage to the remaining eight acres of the farm was claimed, or that the plaintiff suffered any loss in the use thereof. See *Diamond* v. *North Attleborough,* 219 Mass. 587, 591.

It is unnecessary to consider the defendant's motion to reject or recommit the auditor's report. See *Tripp* v. *Macomber,* 187 Mass. 109. Recommittal on the grounds other than those set out in the sixth objection plainly was within the discretion of the trial judge. That objection refers to said finding of an annual loss of $750; and we have dealt with it on the defendant's appeal. As the parties agreed that the auditor's findings of fact should be final we have treated the report as in the nature of an agreed statement of facts, and have accordingly considered the appeal of the defendant from the judgment of the Superior Court. *Daley* v. *Legate,* 169 Mass. 257. *Tripp* v. *Macomber, supra.*

The appeal must be sustained; and in accordance with the provisions of St. 1913, c. 716, judgment is to be entered for the plaintiff in the sum of $2,000, with interest from the date of the writ.

*So ordered.*