TRUSTEES OF THE BOSTON AND MAINE CORPORATION *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. November 8, 1977. This case arose out of an arbitration award confirmed by the Superior Court, which confirmation was upheld by this court. *Trustees of the Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.,* 363 Mass. 386 (1973). The arbitration award, in essence, established the value of a railroad right of way which the Massachusetts Bay Transportation Authority (MBTA), by exercising an option, had agreed to purchase from the Boston and Maine Corporation (B & M). The case came before this court a second time in 1975. At that time we considered whether the B & M was entitled to interest on the award, and, if so, on what date the interest began to run. *Trustees of the Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.,* 367 Mass. 57 (1975). The MBTA argued then — and reasserts now — that it could not become liable for interest on the award until the B & M had tendered a conforming deed. The B & M had withheld delivery of the deed while the valuation dispute was in litigation, although it appeared that the B & M may have been ready, willing and able to perform during that period. This court noted that in the circumstances tender was excused. *Id.* at 61-62 n.2. We remanded for a finding of "the date on which the B & M could have and would have tendered a conforming deed had this dispute not been in litigation." *Id.* at 65. We specifically held that the B & M would be entitled to interest calculated from the date found by the Superior Court. *Id.* The only question properly before us now is whether the Superior Court judge correctly followed this court's rescript on re-

mand. See *McMahon* v. *Krumrine,* 361 Mass. 855 (1972); *MacNeil Bros. Co.* v. *State Realty Co.,* 350 Mass. 772 (1966). We find that there was no error. The Superior Court referred the case to a master, who found that although the B & M did not tender a conforming deed until September 25, 1973, the MBTA nevertheless had become liable for interest seven months earlier because the B & M could have and would have performed on February 26, 1972, if the dispute had not been in litigation. The MBTA argues that these findings are mutually inconsistent and should not have been accepted by the Superior Court. See *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 190 (1976); Mass. R. Civ. P. 53 (e) (2), as amended, 367 Mass. 917 (1975). Because of our previous ruling that tender was excused, we fail to see any inconsistency in the master's report. The MBTA also argues that interest on economic damages included in the judgment should be calculated from the date the B & M abandoned certain freight services rather than from the date on which the Interstate Commerce Commission (ICC) approved prospective abandonment by the B & M. This issue was decided against the MBTA in the previous appeal. *Trustees of the Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.,* 367 Mass. 57, 66 (1975). The Superior Court judge correctly followed this court's rescript in ascertaining the date of ICC approval and calculating the interest accordingly.

*Judgment affirmed.*

*Joseph H. Elcock* (*Ronald G. Busconi* with him) for the defendant.
*Edward I. Masterman* (*Andrew C. Culbert* with him) for the plaintiffs.