NOE J. BOUSQUET *vs.* COMMONWEALTH & others (and five companion cases). February 3, 1978. The Commonwealth appeals from judgments for damages for private nuisance, resulting from oil seepage from fuel tanks at the Belchertown State School into a brook running through premises of the three plaintiffs. The seepage began before 1972 and stopped some time after 1973. We affirm the judgments. (1) The judge properly ruled that our decision in *Morash & Sons, Inc.* v. *Commonwealth*, 363 Mass. 612 (1973), has retroactive application to the facts of the present case. We there held "that the Commonwealth is not immune from liability if it creates or maintains a private nuisance which causes injury to the real property of another." *Id.* at 619. We relied on *Kurtigian* v. *Worcester*, 348 Mass. 284, 291 (1965), where we denied municipal immunity in terms equally applicable to the Commonwealth. Compare *Whitney* v. *Worcester*, 373 Mass. 208, 225 (1977), where we gave notice of our intent to abolish entirely the doctrine of governmental immunity,

but forecast only limited retroactivity, with *Bouchard* v. *DeGagne,* 368 Mass. 45, 48-50 (1975), where we accorded full retroactivity to the principles of *Mounsey* v. *Ellard,* 363 Mass. 693 (1973). (2) The judge correctly stated the elements of damages to be recovered. See C. McCormick, Damages § 127 (1935). In addition to the loss of value of their property, the plaintiffs were entitled to their reasonable expenses in preventing, reducing or abating the results of the defendant's wrongful acts. *Parker* v. *American Woolen Co.,* 215 Mass. 176, 182 (1913). There is no showing that items of damage were duplicated as in *Belkus* v. *Brockton,* 282 Mass. 285, 290-291 (1933), and *Manning* v. *Woodlawn Cemetery Corp.,* 239 Mass. 5, 9 (1921). Nor is the defendant charged with the expense of putting the property in better condition than that existing before the injury, as in *Medford Hous. Auth.* v. *Marinucci Bros. & Co.,* 354 Mass. 699, 704 (1968). (3) The judge found that the corporate defendant, the Commonwealth's agent, increased and prolonged the private nuisance, and ruled that the Commonwealth was liable for the resulting damages. The Commonwealth now contends that it is not liable for negligent acts of such an "independent contractor," citing *Doyle* v. *LaCroix,* 336 Mass. 484, 488 (1957). The Commonwealth argues that there was no evidence that any employee of the Belchertown State School had the right to control the details of the work, but fails to mention the right of the Division of Water Pollution Control, the State agency which employed the corporate defendant. In the absence of any argument directed to the point by the Commonwealth, we assume in support of the judge's ruling that he properly found that the Commonwealth, through the Division, had retained the right and power of directing in detail how the work should be done. *Marino* v. *Trawler Emil C, Inc.,* 350 Mass. 88, 94-96, cert. denied, 384 U.S. 960 (1966). Cf. *Markarian* v. *Simonian,* 373 Mass. 669, 674 (1977) (acquiesence of principal in action of agent). See Restatement (Second) of Agency §§ 214, 220(2), 251(a) (1958); Restatement (Second) of Torts § 427B (1965).

*Judgments affirmed.*

*Elizabeth A. Bowen,* Assistant Attorney General, for the Commonwealth.
*Patricia A. Bobba* for the plaintiffs.