THOMAS H. TRACY & another *vs.* THOMAS E. CURTIS & others, individually and as trustees (and a companion case).    May 31, 1983. *Fiduciary.  Corporation,* Officers and agents, Stockholder.

The cases are back here on further appeals by the plaintiffs. See *Tracy* v. *Curtis,* 10 Mass. App. Ct. 10 (1980). 1. The derivative action was remanded for the limited purpose of determining whether some portion of the compensation paid or promised to the defendants under their respective employment agreements with Angelo's represented a quid pro quo for their restricting themselves from participating in real estate activities which would involve leases to competitors of Angelo's or for their having caused Curtlo to grant Angelo's a right to prevent a grocery type use of Curtlo's properties. See 10 Mass. App. Ct. at 15, 18-19, 27. A perusal of the voluminous transcript of the proceedings on the remand discloses no issue concerning the salaries paid or to be paid to the defendants for serving as officers and employees of Angelo's. The only other aspects of the question on remand are effectively put to rest (a) by the statement in the plaintiffs' brief that they "do not contest the lower court's finding that no part of the deferred compensation provided for in the defendants' employment agreements was intended to compensate the Curtises for restrictions upon their activities as trustees of Curtlo" and (b) by the judge's express refusal to "conclude that the restrictions that impacted upon Curtlo were paid for other than by increased rents paid to Curtlo." The other questions which the plaintiffs seek to argue (some of them for a second time) are beyond the scope of the remand. See and compare *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.,* 373 Mass. 858, 859 (1977); *New England Merchs. Natl. Bank* v. *Old Colony Trust Co.,* 385 Mass. 24, 26 (1982); *Wheatley* v. *Planning Bd. of Hingham,* 10 Mass. App. Ct. 884, 885 (1980). Contrast *Steranko* v. *Inforex, Inc.,* 8 Mass. App. Ct. 523, 526-527 (1979). 2. The essential predicate of each of the claims still pressed by the plaintiffs as individuals (see 10 Mass. App. Ct. at 23-26) is that a fiduciary relationship existed between Thomas Curtis and the plaintiffs at the time (June, 1963) Thomas and his brother Richard discussed with the plaintiffs the possibility that the latter might invest in Curtlo. The judge made careful and extensive subsidiary findings (which the plaintiffs "do not contest") on the existence or not of a fiduciary relationship and concluded that none existed. We concur in that conclusion. See and compare *Comstock* v. *Livingston,* 210 Mass. 581, 584 (1912); *Snow* v. *Merchants Natl. Bank,* 309 Mass. 354, 355-356 360-361 (1941); *Meskell* v. *Meskell,* 355 Mass. 148, 151-152 (1969); *Kelly* v. *Kelly,* 358 Mass. 154, 156-157 (1970); *Bruno* v. *Bruno,* 384 Mass. 31, 32, 33-34 (1981); *Schleifstein* v. *Greenstein,* 9 Mass. App. Ct. 344, 348-349 (1980). Contrast *Hawkes* v. *Lackey,* 207 Mass. 424, 431-433 (1911); *Reed* v. *A.E. Little Co.,* 256 Mass. 442, 446-447, 448-450 (1926); *Cann* v. *Barry,* 293 Mass. 313, 314-315, 316-317 (1936); *Akin* v. *Warner,* 318 Mass. 669, 670-672, 674 (1945); *Stetson* v. *French,* 321 Mass. 195,

196-197, 199 (1947); *Samia* v. *Central Oil Co.*, 339 Mass. 101, 112-113 (1959); *Broomfield* v. *Kosow*, 349 Mass. 749, 754-758 (1965); *Markell* v. *Sidney B. Pfeifer Foundation, Inc.*, 9 Mass. App. Ct. 412, 443-445 (1980).

*Judgments affirmed.*

*Ansel B. Chaplin* for the plaintiffs.
*Joan A. Lukey* for the defendants.