CAROLE J. ZANIBONI *vs.* MASSACHUSETTS TRIAL COURT.

No. 10-P-1115.

Suffolk. September 20, 2011. - January 30, 2012.

Present: MILLS, BROWN, & WOLOHOJIAN, JJ.

Further appellate review granted, 462 Mass. 1101 (2012).

*Anti-Discrimination Law,* Age, Employment, Prima facie case, Burden of proof. *Employment,* Discrimination.

At the trial of a civil action alleging age discrimination in violation of G. L. c. 151B arising from the defendant employer's failure to promote the plaintiff, the judge erred in denying the defendant's motion for judgment notwithstanding the verdict, where, although the plaintiff established a prima facie case, the defendant countered with a legitimate nondiscriminatory reason for its employment decision (i.e., the far superior qualifications of the promoted candidate), and the plaintiff failed to offer evidence, other than unsubstantial anecdotal and generalized statements about the defendant's general practice of promoting young employees, from which a reasonable jury could conclude that the defendant's reason was a pretext. [218-222]

CIVIL ACTION commenced in the Superior Court Department on July 16, 2001.

The case was tried before *Stephen E. Neel,* J., and a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was heard by him.

*Paul R. Chomko (Donald J. Bertrand* with him) for the plaintiff.

*Daniel G. Cromack,* Assistant Attorney General, for the defendant.

BROWN, J. Carole J. Zaniboni (plaintiff) brought suit against the Massachusetts Trial Court (Trial Court) alleging age discrimination in violation of G. L. c. 151B based upon the Trial Court's (1) rescinding her promotion as head administrative assistant (HAA), and (2) failing to promote her as deputy assistant register (DAR). On January 31, 2006, a jury returned a verdict in favor of the plaintiff on the HAA claim and in favor

of the defendant on the DAR claim. The jury awarded the plaintiff monetary damages.

The defendant moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial judge allowed the motion for new trial, from which the plaintiff now appeals.[1] The defendant cross-appeals from the denial of its motion for judgment notwithstanding the verdict.[2]

*Background.* In 1998, the Trial Court advertised two level fifteen HAA positions at the Plymouth Division of the Probate and Family Court Department (Plymouth court). Among the applicants vying for those HAA positions were Laurie Devitt, Juanita Gomes, and the plaintiff. The plaintiff and Gomes were offered the positions. Devitt filed a grievance, and an arbitration hearing was scheduled for December 2, 1999. Concerned whether the interviews were conducted properly, counsel for the Trial Court offered to redo the selection process for the HAA positions. Only the three candidates mentioned above were reinterviewed.[3] The new hiring panel consisted of two individuals unconnected to the Plymouth court and Benjamin Harley, first assistant register at the Plymouth court. Following these interviews, Gomes and Devitt were offered the HAA positions, whereas the plaintiff was demoted. She subsequently sued the Trial Court, alleging age discrimination in its (1) demotion of her from the HAA position and (2) failure to designate her as a DAR.

The question in reviewing a denial of a motion for judgment notwithstanding the verdict is whether "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff." *Doe* v. *Senechal,* 66 Mass. App. Ct. 68, 76 (2006), quoting from *Raunela* v. *Hertz Corp.,* 361 Mass. 341, 343 (1972). See *Hall* v. *Horizon House Microwave, Inc.,* 24 Mass. App. Ct. 84, 89-90 (1987). The verdict

---

[1] The Appeals Court rejected an earlier appeal, as it was an interlocutory appeal not permitted by G. L. c. 231, § 118. Subsequently, a judge in the Superior Court allowed the parties' joint motion to report the case.

[2] Deciding as we do, we have no need to discuss the DAR claim.

[3] On reinterview, the hiring panel asked each candidate the same six questions and recorded detailed notes based on the candidates' responses.

must be sustained if the plaintiff offered any evidence from which the jury could have reasonably reached their verdict. *Smith* v. *Bell Atl.*, 63 Mass. App. Ct. 702, 711 (2005). When considering a motion for judgment notwithstanding the verdict, the judge must disregard evidence favorable to the defendant.[4] *Ibid.*

Upon the review of the briefs and record appendix, we conclude that denial of the defendant's motion for judgment notwithstanding the verdict was error.[5] While the plaintiff established a prima facie case for age discrimination, the defendant countered with a legitimate nondiscriminatory reason for its employment decision. The plaintiff did not offer evidence from which a reasonable jury could conclude that the defendant's reason was pretextual.

*Discussion.* 1. *Prima facie case.* "The prima facie case 'eliminates the most common nondiscriminatory reasons for the plaintiff's rejection,' which are lack of competence and lack of job availability, and thereby creates a presumption of discrimination." *Abramian* v. *President & Fellows of Harvard College*, 432 Mass. 107, 116 (2000), quoting from *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 441 (1995). A claim by a plaintiff who fails to establish a prima facie case for age discrimination cannot survive dismissal. See *Knight* v. *Avon Prods., Inc.*, 438 Mass. 413, 422 (2003). Whether the plaintiff meets this burden is a question of law. *Ibid.*

In employment discrimination cases, Massachusetts courts apply the *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 802-805 (1973), paradigm. See *Knight* v. *Avon Prods., Inc.*, *supra* at 420. See also *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 130, 134-137 (1976). To prove age discrimination, the plaintiff must show, by a preponderance of the evidence, that (1) the plaintiff was a member of the class protected by G. L. c. 151B (over forty years old);

---

[4]In this case, the Trial Court properly preserved its motion for a judgment notwithstanding the verdict by moving for a directed verdict. See Mass. R.Civ.P. 50(b), as amended, 428 Mass. 1402 (1998); *Cormier* v. *Pezrow New England, Inc.*, 437 Mass. 302, 311 (2002).

[5]The standard of review for a motion for judgment notwithstanding the verdict is the same as a motion for directed verdict. *D'Annolfo* v. *Stoneham Hous. Authy.*, 375 Mass. 650, 657 (1978).

(2) the plaintiff was qualified for the job; (3) despite the plaintiff's job qualifications, she was not hired for the job; (4) a person with similar or inferior qualifications was hired; and (5) the person hired was at least five years younger. *Somers* v. *Converged Access, Inc.*, 454 Mass. 582, 595 (2009). *Mitchell* v. *TAC Tech. Servs., Inc.*, 50 Mass. App. Ct. 90, 92 (2000).[6]

Neither party disputes that the plaintiff satisfies the first three elements of age discrimination. The question then becomes whether the plaintiff provided sufficient evidence to prove that Devitt had "similar or inferior qualifications." *Somers* v. *Converged Access, Inc.*, *supra*. "Direct evidence of those elements (discriminatory animus and causation) rarely exists, and a plaintiff may therefore establish one or both by indirect or circumstantial evidence" (citation omitted). *Sullivan* v. *Liberty Mut. Ins. Co.*, 444 Mass. 34, 39 (2005). See *Wynn & Wynn, P.C.* v. *Massachusetts Commn. Against Discrimination*, 431 Mass. 655, 665 (2000).

Within the plaintiff's application for the HAA position, she provided a summary list of all of her experience including, but not limited to, supervisory roles, preparing statistical and budget reports, filing quarterly and yearly payroll tax forms, and knowledge of the Probate and Family Court's system and its governing statutes. While both the plaintiff and Devitt held different positions in different departments, many of Devitt's responsibilities were similar to the plaintiff's.[7] As previously noted, case law only requires the plaintiff to show that a person with "similar or inferior qualifications was hired." *Somers* v. *Converged Access, Inc.*, *supra*. As the judge below found that there was sufficient evidence to indicate that the plaintiff adequately performed her duties as an HAA for two years, a reasonable inference could have been made that the plaintiff, at the very least, was similarly qualified to handle the position of an HAA.

---

[6]General Laws c. 151B, § 4(1C), inserted by St. 1984, c. 266, § 6, reads in relevant part, "It shall be an unlawful practice . . . [f]or the commonwealth or any of its political subdivisions, by itself or its agent, because of the age of any individual, to refuse to hire or employ or to bar or discharge from employment such individual in compensation or in terms, conditions or privileges of employment unless pursuant to any other general or special law."

[7]At the outset, both plaintiff and defendant agreed that Gomes should have been awarded one of the HAA positions. At issue was whether Devitt was promoted over the plaintiff because of age discrimination.

2. *Pretext.* At the second stage, the employer can rebut the presumption created by the prima facie case of age discrimination by articulating "a lawful reason or reasons for its employment decision [and] produc[ing] credible evidence to show that the reason or reasons advanced were the real reasons." *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. at 442, quoting from *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. at 138. If the employer meets its burden of production at stage two, the analysis advances to the third stage. *Id.* at 442-443.

Here, the defendant produced overwhelming evidence to demonstrate that Devitt was a far superior candidate. Devitt had worked for the Plymouth court for over eighteen years when she applied for the HAA position. She was considered a level thirteen employee and had worked within numerous departments. On the other hand, the plaintiff had worked for the Plymouth court for fourteen years, was a level ten employee, and had worked in one department during her tenure. While both individuals had supervisory roles, Devitt managed more employees. It is reasonable for an employer to choose the candidate with more seniority and experience over another. In short, the defendant easily met its burden of showing that there was a legitimate, nondiscriminatory reason for promoting Devitt over the plaintiff. See *Johansen* v. *NCR Comten, Inc.*, 30 Mass. App. Ct. 294, 301 (1991), quoting from *Price Waterhouse* v. *Hopkins*, 490 U.S. 228, 252 (1989) (employer must demonstrate that "its legitimate reason, standing alone, would have induced it to make the same decision").

"At the third stage the employee must show that the basis of the employer's decision was unlawful discrimination," which "may be accomplished by showing that the reasons advanced by the employer for making the adverse decision are not true." *Abramian* v. *President & Fellows of Harvard College*, 432 Mass. at 117. Whether the plaintiff presented sufficient evidence to rebut defendant's reasons is the pivotal question here. The plaintiff asserted that there was an atmosphere of age discrimination that could have tainted the reinterviewing process. However, she provided only unsubstantiated anecdotal and generalized statements about the defendant's general practice of promoting

younger employees.[8] See *Wooster* v. *Abdow Corp.*, 46 Mass. App. Ct. 665, 672 (1999). The plaintiff relied only on the testimony of witnesses (including her own speculation) without submitting any concrete statistical data to support her assertion. Compare *Sullivan* v. *Liberty Mutual Ins. Co.*, 444 Mass. at 55 (statistics offered at third stage have "limited probative value" and do not counter employer's legitimate nondiscriminatory explanations); *Brownlie* v. *Kanzaki Specialty Papers, Inc.*, 44 Mass. App. Ct. 408, 414-415 (1998). Contrast *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. 657, 662 (1997) (weight of former employee's testimony and potential bias of employer based on romantic connection enough to overcome third stage). In addition, the collective bargaining agreement covering both the plaintiff and Devitt favored promoting the employee with more seniority.

The plaintiff failed to present any evidence to prove that age discrimination was the driving force behind the defendant's decision to promote Devitt.[9] Nor did the plaintiff produce any evidence to rebut the employer's position that Devitt was more qualified. Moreover, similar to *Somers* v. *Converged Access, Inc.*, 454 Mass. at 596-597, there is nothing in the record to suggest that the plaintiff was more qualified than Devitt. Compare *Sullivan* v. *Liberty Mutual Ins. Co.*, 444 Mass. at 52-53 (employer able to produce evidence that other employees were better qualified than plaintiff). In short, the plaintiff was unable to refute the defendant's legitimate nondiscriminatory claim that Devitt was more qualified for the HAA position.[10]

The plaintiff had been promoted and worked in the HAA position for a little under two years. Due to the initial breakdown (or an apparent lack of uniformity) in the process for interviewing the HAA applicants, the need to reinterview these three candidates arose. Understandably, the plaintiff may feel victimized or

---

[8]One court official merely surmised, i.e., guessed, that between February, 1998 and January, 2000, five employees who had been promoted were in their late thirties.

[9]While the plaintiff asserts that there was an atmosphere of age discrimination that could have tainted the reinterviewing process, the plaintiff could not produce any competent evidence to support that claim.

[10]As already mentioned, two members of the HAA hiring panel were not affiliated with the Plymouth court.

unfairly treated; however, there is no indication that age discrimination was present. The order denying the defendant's motion for judgment notwithstanding the verdict is reversed, and a new order shall enter allowing the motion. The order allowing the defendant's motion for a new trial is hereby vacated.[11]

*So ordered.*

---

[11]In light of our decision, discussion of the plaintiff's appeal of the grant of a new trial is not necessary.