Troy, Paul E., J.
Plaintiff Andy Sassine (“Sassine”) filed this suit against his former employer, Fidelity Management & Research Company (“FMR”), alleging handicap and age discrimination, and wrongful termination. This matter is before the court on FMR’s Motion to Dismiss Plaintiffs Complaint. For the reasons discussed below, the motion is ALLOWED.
*585 BACKGROUND
The following facts are drawn from Sassine’s complaint and assumed to be true for purposes of this motion. FMR is the investment advisor to the Fidelity group of mutual funds. Sassine began his employment with FMR on February 8, 1999 and was employed as an Equity Domestic Portfolio Manager III. He managed two equity funds: the International Small Cap Opportunities Fund beginning in August of 2005, and the Fidelity Small Cap Stock Fund beginning on July 1, 2008. Since childhood, Sassine has suffered from a serious hearing impairment in both ears, requiring him to wear hearing aids. FMR was aware of this disability when it hired him. Sassine has never requested any specific accommodation for this disability-
Since 2009, Sassine has suffered from high blood pressure and heart problems which he attributes to the stress of his demanding position. In 2011, Sassine began to suffer from arterial fibrillation, potentially lethal fluctuations in heartbeat. In October of 2011, he underwent a procedure known as a “cardioversion” to restore the normal rhythm of his heart. From July to November of 2011, Sassine was intermittently absent from the office for medical lab work, treatments, and procedures related to his heart condition. He did much of his work from home or while traveling for business. FMR was aware of his medical condition but did not inform him about the availability of disability leave or leave under the Family Medical Leave Act, nor did FMR give him any professional help to reduce his job-related stress. When Sassine asked for additional time to work out problems, his managers denied any connection between his health and his alleged deficient performance.
In September of 2011, Joel Tillinghast (“Tillingh-ast’j, the nationally prominent manager of the FMR Low-Priced Stock Fund, took a three-month leave of absence to write a book about investing. In October of 2011, Sassine and other members of his team were repeatedly asked to volunteer to review and edit the book, in violation of FMR’s own policies. Sassine was the only one who declined to volunteer, because he believed that working on the project would violate his fiduciary duty to FMR and the investors in the Small Cap Fund.
In early November of 2011, FMRgave a presentation describing Sassine’s record as a Portfolio Manager in glowing terms. Sassine had exceeded his bonus targets every year and received stock awards from FMR for his significant contributions to the company. However, on November 30, 2011, Sassine’s manager, Thomas Hense (“Hense”), sent Sassine a letter relieving him of his duties as manager of the Small Cap Fund. The letter falsely stated that Sassine had requested and been granted a six-month paid personal leave effective January 1, 2012 and ending June 30, 2012. Although Sassine had not requested such leave, he signed the letter because he was told that the alternative was immediate termination with cessation of all salary and benefits. Sassine’s base salary represented only 20% of his annual compensation. Approximately 80% of his compensation was paid in the form of year-end performance bonuses. Because of his leave, Sassine was not eligible for any performance bonus for the fiscal year ending September 30, 2012. Hense and Bruce Herring, FMR’s Chief Investment Officer, informed Sassine that he would not be given another FMR fund to manage when he returned from leave.
In December of 2011, FMR prepared a Year-End Review for fiscal year 2011 stating that the Small Cap Fund had performed poorly during 2010 and 2011. This was objectively false, as the Small Cap Fund outperformed 90% of Momingstar Small Cap funds and 87% of Mid Cap funds during that period. The Year-End Review also accused Sassine of making a material misstatement about the Small Cap Fund, which Sassine did not. Finally, the Year-End Review cited poor interpersonal skills and excessive absences from the office. Although these issues previously had been raised on a few occasions, they never impacted Sassine’s bonuses.
When Sassine returned from leave on June 30, 2012, he was informed that he would not be considered for employment as the manager of any FMR investment portfolio. FMR did not offer him any other position commensurate with his abilities and experience, and terminated his employment effective August 31, 2012. FMR suggested to Sassine that he was removed from his position because of the poor performance of the Small Cap Fund in 2010 and 2011.
Sassine filed a complaint against FMR with the Massachusetts Commission Against Discrimination (“MCAD”) on July 30, 2012. On October 31, 2012, MCAD allowed him to dismiss that complaint and file suit in Superior Court. Count I of Sassine’s complaint alleges handicap discrimination in violation of G.L.c. 151B, §4(16). Count II alleges age discrimination in violation of G.L.c. 151B, §4(1B). Finally, Count III alleges that he was terminated in violation of public policy for refusing to volunteer to edit Tillinghast’s book.
DISCUSSION
When evaluating the legal sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court accepts as true all of the factual allegations of the complaint, and draws all reasonable inferences from the complaint in favor of the plaintiff. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Berishv. Bornst-ein, 437 Mass. 252, 267 (2002). To survive a motion to dismiss, a complaint must contain factual allegations which, if true, raise a right to relief above the speculative level. Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223 (2011); Iannacchino v. FordMotor Co., 451 Mass, at 636. The plaintiffs allegations must be *586 more than mere labels and conclusions and must plausibly suggest, not merely be consistent with, an entitlement to relief. Id.
Dismissal under Rule 12(b)(6) is proper where a reading of the complaint establishes beyond doubt that the facts alleged do not add up to a cause of action which the law recognizes, such that the plaintiffs claim is legally insufficient. Nguyen v. William Joiner Center for the Study of War and Social Consequences, 450 Mass. 291, 294 (2007); Pontremoli v. Spaulding Rehabilitation Hosp., 51 Mass.App.Ct. 622, 624 (2001).[1]
I. Age Discrimination
FMR moves to dismiss Count II on the ground that Sassine has failed to plead a prima facie case of age discrimination. The elements of a prima facie case are that the plaintiff was over forty years of age, he performed his job at an acceptable level, he was terminated, and he was replaced by a similarly or less qualified younger person. Knight v. Avon Prods., Inc., 438 Mass. 413, 420-21 (2003). The Supreme Judicial Court has stated that an age disparity of less than five years, without other evidence suggesting that age was a factor in the termination, cannot support a prima facie case of unlawful discrimination. See Somers v. Converged Access, Inc., 454 Mass. 582, 595-96 (2009); Knight v. Avon Products, Inc., 438 Mass, at 425; Zaniboni v. Massachusetts Trial Ct., 81 Mass.App.Ct. 216, 219 (2012).
Sassine’s complaint is devoid of any factual allegation concerning the individual who replaced him following his termination, and fails to include any facts giving rise to a reasonable inference that age was a factor in his termination.[2] See Knight v. Avon Products, Inc., 438 Mass, at 426 (fact that employer’s stated reason for termination was false does not, without more, support inference of age discrimination). Accordingly, the complaint does not plausibly suggest an entitlement to relief for age discrimination under G.L.c. 151B, §4(1B) and must be dismissed for failure to state a claim. Cf. Banks v. Hallsmith-Sysco Food Serv., 2008 Mass.App. Unpub. LEXIS 124 at *8-9 (affirming summary judgment for employer where no evidence as to age of plaintiffs replacement and no evidence that employer treated younger workers more favorably or that its practices has statistically significant adverse impact on older workers).
II. Termination in Violation of Public Policy
FMR further moves to dismiss Count III on the ground that it fails to plausibly suggest an entitlement to relief for termination in violation of public policy. The public policy exception to the rule that at-will employees may be terminated at any time for no reason is quite narrow. King v. Driscoll, 418 Mass. 576, 582 (1994); Circo v. Drew, 2011 Mass.App. Unpub. LEXIS 1163 at *3 (Rule 1:28), rev. den., 461 Mass. 1105 (2012); Mitchell v. Tac Tech. Servs., 50 Mass.App.Ct. 90, 93 (2000). In exceptional cases, for reasons of public policy, an at-will employee may find redress where he is terminated for asserting a legally guaranteed right or refusing to engage in illegal or harmful conduct. GTE Prods. Corp. v. Stewart, 421 Mass. 22, 26 (1995); Mercado v. Manny’s T.V. and Appliance, Inc., 77 Mass.App.Ct. 139, 142, rev. den., 458 Mass. 1109 (2010). Whether conduct violates a clearly established and well-defined important public policy is a question of law. Smith-Pfeffer v. Superintendent of the Walter E. Fernald State Sch., 404 Mass. 145, 151 (1989); Mercado v. Manny’s T.V. and Appliance, Inc., 77 Mass.App.Ct. at 139.
Sassine’s complaint alleges that he was terminated for refusing to volunteer to edit TilUnghast’s book, which he viewed as a breach of his fiduciary duty to the company and its investors. Even if true, this allegation does not implicate any important public policy which is well defined by statute or regulation. See Wright v. Shriners Hosp. for Crippled Children, 412 Mass. 469, 474 (1992) (regulations governing professional conduct and ethics of nurses did not create well-defined public policy preventing termination); Dolph v. Vitale, Caturano & Co., 2005 Mass.Super. LEXIS 342 at *11-14 (Sanders, J.) [19 Conn. L. Rptr. 660] (ethical regulations governing public accountants did not create well-defined public policy). Cf. GTE Prods. Corp. v. Stewart, 421 Mass, at 29-30 (suggesting that court might find protected public policy in statutes and regulations governing duties of attorneys if particular case involved policies of importance to public at large). Moreover, even if the conduct requested by FMR violated its own corporate policies, it is well established that Massachusetts law does not protect at-will employees who are fired for complaining about internal company policies or the violation of company rules, even though such action may be socially desirable. See Smith-Pfeffer v. Superintendent of the Walter E. Fernald State Sch., 404 Mass, at 150-51; Mercado v. Manny’s T.V. and Appliance, Inc., 77 Mass.App.Ct. at 139. Sassine’s refusal to volunteer for the book project did not involve criminal conduct or conduct affecting the health and safely of the public. Accordingly, Count III fails to state a plausible claim for termination in violation of public policy, and must be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that Fidelity Management and Research Company’s Motion to Dismiss Plaintiffs Complaint be ALLOWED with respect to Counts II and III.

At the hearing in this matter, FMR withdrew its motion as to Count I of the complaint.

Sassine suggests in his opposition to FMR’s motion to dismiss that his replacement, Lionel Harris, was four years younger than him. This Court cannot consider facts asserted in a brief when ruling on a Rule 12(b)(6) motion.