NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-566

MAUREEN WEEKS

vs.

ESTATE OF PATRICIA POWERS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Maureen Weeks, appeals from a Superior Court judgment, entered after remand, reinstating the jury's damages award of $20,000 to the defendant, estate of Patricia Powers (estate), on its nuisance and negligence counterclaims. Weeks argues that she is entitled to judgment notwithstanding the verdict (judgment n.o.v.) on those counterclaims because no evidence was presented to prove either nuisance or negligence on her part, or any damages suffered by the estate as a result of her conduct. We affirm.

Background. We draw the following facts from the prior decision of a panel of this court in Weeks v. Estate of Powers, 100 Mass. App. Ct. 1127 (2022) (Weeks I), the judge's decision on remand, and the undisputed record.

The parties owned neighboring residential properties. Starting in 2017, an underground drainage system (system) running between the properties failed, causing flooding on both properties. The estate engaged an engineer who reported finding two blockages and a break in the portion of the system running under Weeks's property.[1] The estate requested that Weeks either make the necessary repairs or permit the estate to do so. After Weeks refused, she brought this action against the estate and the estate brought counterclaims, with each side alleging that the other was at fault for the flooding.

On the estate's partial motion for summary judgment on its declaratory judgment counterclaim, the judge declared that (1) the estate had a prescriptive easement to drain surface and ground water through a catch basin located on Weeks's property and through the system running under Weeks's property,[2] and (2) the estate had the right to make reasonable repairs and perform reasonable maintenance in the easement area. The estate undertook the repairs pursuant to a plan approved by the court.

The matter then proceeded to a trial. The jury returned a verdict finding the reasonable cost to repair the system was $50,000, and that sixty-five percent of the repairs ($32,500)

---

[1] The estate's property eventually was sold to a third party.
[2] The same judge who presided over the trial resolved all motions relevant to this appeal.

2

should be paid by Weeks based on the benefit to her property. The jury also awarded the estate an additional $20,000 in damages on its negligence and nuisance counterclaims.[3]  Weeks moved for judgment n.o.v. on the $20,000 damages award.  In a written decision, the judge explained that the estate "did not present evidence of damages beyond the cost of repairing the drainage system"; however, the judge denied the motion on the basis that "the jury could have awarded $20,000 to compensate the Estate for Weeks' negligence in not maintaining the pipe under her property and preventing the Estate from repairing the system."  Judgments entered awarding the estate a total of $52,500 in damages -- $32,500 on its declaratory judgment counterclaim, and $20,000 on the nuisance and negligence counterclaims.  Weeks appealed.

A panel of this court affirmed the judgments with the exception of the $20,000 damages award on the estate's nuisance and negligence counterclaims.  See Weeks I, 100 Mass. App. Ct. 1127.  On that issue, the panel explained that Weeks waived any appellate argument regarding the sufficiency of the evidence supporting the $20,000 damages award because Weeks did not provide a trial transcript or exhibits.  Nonetheless, the panel

---

[3] The verdict slip apparently did not ask the jury to specify whether the damages relate to the estate's counterclaim of nuisance, negligence, or both.

noted an inconsistency between the judge's statement that the estate presented no evidence of damages beyond the cost to repair the system and the judge's conclusion that sufficient evidence was presented to support the $20,000 award. Concluding that Weeks did not necessarily waive the argument that the judge committed an error of law in denying the motion for judgment n.o.v. in light of that inconsistency, the panel vacated the $20,000 award of damages and remanded the case for the limited purpose of permitting the judge to reconsider whether to allow the motion on the damages issue as a matter of law.

On remand, the judge issued a written memorandum and order clarifying that the estate had not introduced evidence linking a failed sale of the estate's property to the drainage problem. However, the judge explained that "the jury could have concluded that Weeks -- due to her negligence and creation of a nuisance -- should pay [for] abating the nuisance." The judge explained that while the jury found the reasonable cost to repair the system was $50,000 on the declaratory judgment count, the jury were free to credit evidence that in addition to that amount, the estate spent $2,950 for a closed-circuit camera needed to investigate the drainage problem when assessing damages on the nuisance and negligence counterclaims. Where the evidence demonstrated the cost to remedy the nuisance was roughly $53,000, the jury's award ($32,500 on the declaratory judgment

4

count and $20,000 on the nuisance and negligence counts) "fully compensated the Estate for the damage caused by Weeks' wrongdoing."  Judgment then entered reinstating the $20,000 award.  This appeal followed.

Discussion.  The denial of a motion for judgment n.o.v. "present[s] [a] question[] of law reviewed under the same standard used by the trial judge."  O'Brien v. Pearson, 449 Mass. 377, 383 (2007).  "In reviewing the denial of a motion for judgment [n.o.v.] the question is whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [nonmoving party].'"  Beliveau v. Ware, 87 Mass. App. Ct. 615, 616 (2015), quoting Zaniboni v. Massachusetts Trial Court, 81 Mass. App. Ct. 216, 217 (2012).

The sole issue before us is whether the judge erred as a matter of law in denying Weeks's motion for a judgment n.o.v. with respect to jury's assessment of $20,000 damages on the nuisance and negligence counterclaims.  On remand, the judge (who presided over the trial) explained the basis for her decision to reinstate the damages award, namely that the amount awarded by the jury did not exceed the amount of damages caused by the nuisance supported by the evidence and was meant to fully compensate the estate for the repairs.

5

Weeks argues that the costs of repair were not caused by the nuisance or her negligence. She may in fact be correct, but, though represented by counsel, and already having lost an appeal for failure to provide this court with an adequate record, she has again failed to provide us with a complete transcript of the trial, including her own direct testimony, that would allow us to make a determination of the matter. The transcript excerpt that she did provide shows that on cross-examination she admitted that she opposed the estate's initial attempts to remedy the drainage problem because "I wanted my own damages considered and included as well." The judge on remand said that the full cost of the repair, $53,000, was the "actual cost to remedy the nuisance." We are unable to conclude that that is not so without a complete transcript of the trial.

And, even if we were to assume without deciding that the judge's analysis was in error, and that the costs of the repair borne by the estate could not be the measure of damages on the tort claims, or either of them, in the absence of a full transcript we would be unable to determine whether "anywhere in the evidence" there is support for the award of the $20,000. Zaniboni, 81 Mass. App. Ct. at 217.

To the extent Weeks argues that the obligation to repair and maintain the system within the easement rested solely with

the estate as the dominant estate holder,[4] the jury were free to award additional damages on the tort counterclaims including the cost to abate any nuisance caused by Weeks's conduct.[5]  See Rattigan v. Wile, 445 Mass. 850, 861 (2006), quoting Guaranty-First Trust Co. v. Textron, Inc., 416 Mass. 332, 337 (1993) ("[W]here damage to real property [caused by nuisance] is not permanent, the measure of recovery is the reasonable expense of repairing the injury plus the intervening loss of rental value for the period reasonably needed to repair the injury"); Bousquet v. Commonwealth, 374 Mass. 824, 824 (1978) (plaintiff in private nuisance action entitled to loss of value in property, and "their reasonable expenses in preventing, reducing or abating the results of the defendant's wrongful acts").

---

[4] In the prior appeal, the panel affirmed the judge's decision that the owner of a servient estate (here, Weeks) who benefits from an easement should share in the costs of maintaining the easement.  See Weeks I, 100 Mass. App. Ct. 1127.  In the verdict on the declaratory judgment counterclaim, the jury found that Weeks's property received sixty-five percent of the benefit from the repairs to the system.  We decline to reconsider those issues on this appeal and focus solely on the damages award related to the nuisance and negligence counterclaims.  See King v. Driscoll, 424 Mass. 1, 8 (1996) ("An issue once decided, should not be reopened unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice" [quotation and citation omitted]).

[5] We do not even have the jury instructions in the record before us and, therefore, do not know how the jury were instructed on the damages issue.

7

Weeks's remaining arguments challenge the sufficiency of the evidence at trial proving that Weeks was negligent, or that her conduct constituted a private nuisance.  The panel in Weeks I, 100 Mass. App. Ct. 1127, confined the issue on remand to a determination whether, as a matter of law, Weeks was entitled to a judgment n.o.v. with respect to the $20,000 damages award.  Because Weeks's sufficiency arguments are beyond the scope of the remand, we need not consider them.  See Tracy v. Curtis, 16 Mass. App. Ct. 910, 910 (1983).  Moreover, even if we were inclined to reach the merits of Weeks's sufficiency of the evidence arguments, we are unable to do so because, again, she failed to provide us with the trial record.[6]  See Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 641 (1998) ("A party claiming

---

[6] Weeks's submission of excerpts of her trial testimony in this appeal does not satisfy her obligation to produce the necessary trial record.  See, e.g., Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995) (appellate court unable to review sufficiency of evidence where only limited excerpts of transcript provided).

8

an insufficiency of evidence . . . has the burden on appeal of furnishing the court with all the evidence").[7]

Judgment entered April 12, 2023, affirmed.

By the Court (Rubin, Ditkoff & Grant, JJ.[8]),

Assistant Clerk

Entered:  March 11, 2024.

---

[7] The estate's request for appellate attorney's fees and costs is denied.
[8] The panelists are listed in order of seniority.